María Augy Mathelin, Gilberto y Magdalena Selosse Augy, demandantes y apelantes, *v.* Luis Sariego y su esposa Margarita Selosse Augy, y Marcelino Selosse Augy y su esposa Tomasa Mas, demandados y apelados.

Núm. 8266.—*Sometido:* Diciembre 18, 1941.  *Resuelto:* Enero 15, 1942.

*E. H. F. Dottin,* abogado de los apelantes; *J. Pedro Miranda,* abogado de los esposos Sariego-Selosse, apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los hechos esenciales de este caso, sobre los cuales no existe controversia entre las partes, son los siguientes:

La demandante María Augy, sus hijos Gilberto y Magdalena Selosse Augy, también demandantes, y sus hijos Margarita y Marcelino Selosse Augy, los demandados, son dueños, cada uno, de una quinta parte de una finca rústica radicada en Hato Rey, con una extensión superficial de treinta y nueve cuerdas con dos céntimos, la cual está atravesada en toda su longitud de norte a sur por un camino para uso de todos los condueños del inmueble.  La finca aparece inscrita en común pro indiviso y por partes iguales a favor de María Augy, Gilberto Selosse, los consortes Luis Sariego y

-Margarita Selosse y los consortes Marcelino Selosse y Tomasa Mas.

En junio 16 de 1933 los hermanos Guillermo, Marcelino, Margarita y Gilberto Selosse adquirieron la mencionada finca, en común pro indiviso y por partes iguales, por compra a su padre Augusto Selosse, quien ya se había divorciado de su esposa María Augy. Magdalena Selosse, la hermana más pequeña, era para esa fecha menor de edad. Por ese motivo, y por existir sobre la finca una hipoteca que era necesario cancelar para constituir otra nueva, Magdalena no intervino en la compra, pero se convino que tan pronto como llegase a su mayoría de edad, se dividiría la finca y se le adjudicaría una quinta parte del inmueble.

En agosto de 1935, siendo ya Magdalena Selosse mayor de edad, se practicó la mensura de la finca, se dividió ésta en cinco parcelas y se adjudicó una parcela a cada uno de los cinco condueños, entrando cada uno de ellos en la posesión de su respectiva parcela. Desde esa fecha, cada uno de ellos ha estado en posesión de la parcela que le fué adjudicada, ha pagado las contribuciones y ha contribuído al pago de los plazos e intereses del crédito hipotecario a favor del Federal Land Bank of Baltimore.

En abril de 1936, los dueños de las cinco parcelas hicieron levantar un nuevo plano de la finca en su totalidad y de las cinco parcelas tales como fueron adjudicadas y vienen siendo poseídas por sus respectivos dueños. El propósito del nuevo plano fué la corrección de ciertas deficiencias del plano original, en el cual no se señalaron los edificios que radican en las parcelas, ni se hicieron constar las servidumbres que las gravan, ni tampoco el camino que siempre estaba en uso y otro camino que se proyectaba construir por el lado este de la finca. No habiéndose otorgado escritura de partición, la finca ha permanecido inscrita a favor de los cuatro hermanos adquirentes, sin incluir a Magdalena. Al fallecer Guillermo Selosse Augy en diciembre 4, 1937, su participación en la finca fué adjudicada e inscrita a favor de su heredera y

madre, María Augy, quien entró en posesión de la parcela correspondiente a su finado hijo.

En la demanda interpuesta en esta acción se alega, que en el año 1938 y de acuerdo con las instrucciones dadas por todos los interesados, el notario señor Dottin preparó un proyecto de escritura de partición para adjudicar a cada uno la parcela de que ya se encontraba en posesión desde 1935; que todos los interesados aceptaron y suscribieron el proyecto, con excepción de los consortes Margarita Selosse y Luis Sariego, quienes se negaron a firmarlo por causa de desavenencias personales con la demandante María Augy y con el solo y único fin de entorpecer a los demandantes en el disfrute de sus respectivas posesiones; y que los consortes Marcelino Selosse y Tomasa Mas figuran como partes demandadas por haberse negado a concurrir como demandantes. Se alega, además, que los demandantes no desean permanecer en la indivisión en cuanto a la titulación de la finca, y se pide sentencia por la que se declare que Magdalena Selosse Augy es dueña en pleno dominio de la parcela letra ''C,'' descrita en la demanda, se ordene el otorgamiento de la correspondiente escritura de partición y adjudicación de las cinco parcelas, y se condene a los demandados al pago de costas, gastos y honorarios de abogado.

Contestaron la demanda los esposos Sariego Selosse, admitiendo todos los hechos alegados en la demanda. Admiten haberse negado a suscribir la escritura de partición, mas no por causa de desavenencias entre ellos y la Sra. María Augy, y sí por la razón de que dicha demandante quiere establecer sobre la parcela correspondiente a los demandados Sariego Selosse tres servidumbres de paso a favor de la parcela que a ella corresponde. Como defensa especial alegaron que la finca total estaba dividida en dos partes por un camino, en dirección de este a oeste; que en la división practicada la parcela de la demandante María Augy quedaba cerrada por la correspondiente a los demandados Sariego Selosse, quienes están dispuestos a concederle una servidumbre de

paso por el camino más corto y cómodo para ambas parcelas; que la citada demandante insiste en que se le dé entrada cortando en dos la parcela de los demandados, a lo que éstos se niegan, siendo ése el único motivo que tienen dichos demandados para no firmar la escritura de partición.

Los demandados Marcelino Selosse y su esposa no contestaron la demanda y se les anotó la rebeldía.

En 19 de febrero, 1940, la Corte de Distrito de San Juan dictó sentencia desestimando la demanda e imponiendo las costas a los demandantes. En la opinión que sirvió de base a la sentencia recurrida, el tribunal sentenciador se expresó así:

"Los demandantes en este caso lo que desean es que la corte ordene se proceda, por ellos y por los demandados, a otorgar una escritura de división y adjudicación de las parcelas de terreno que poseen y forman parte de la finca que se describe en el hecho 2do. de la demanda, pero solicitan que esa división se haga en la forma que se determinó por los demandantes en cuanto a un camino que existía en la finca y que ahora desean se constituya como servidumbre de paso por la parcela de los demandados, Luis Sariego y su esposa Margarita Selosse Augy, quienes no se oponen a otorgar la escritura de división y adjudicación, pero sí se oponen a que se establezca dicha servidumbre en la escritura.

"De la prueba presentada el día del juicio quedó plenamente demostrado que la acción en este caso era innecesaria ya que no hay controversia alguna entre las partes en cuanto al hecho de que la finca es divisible, de que cada uno de los hermanos Selosse Augy y la madre de ellos, doña María Augy, están en posesión de las parcelas que les corresponden en la división que entre ellos han hecho de la finca, pero que son los demandantes los que se empeñan en que los demandados reconozcan, al otorgarse la escritura de partición, una servidumbre de paso por el mismo sitio en que existía antes un camino en la finca principal. Es obvio que dicho camino no constituye, *per se*, una servidumbre pues la finca era una sola que pertenecía al padre de los litigantes, y el hecho de que ahora se vaya a dividir no obliga a los demandados a reconocer dicho camino como servidumbre, ya que en la forma en que la quieren establecer los demandantes, de acuerdo con el plano preparado por el ingeniero Laugier, parte la parcela de los demandados Sariego-Selosse en tres."

Sostienen los apelantes que la corte inferior erró al no declarar que Magdalena Selosse Augy es dueña de una quinta parte de la finca y al no decretar que se le otorgase la correspondiente escritura como título de la parcela que le fué adjudicada; y que erró también al no decretar el otorgamiento de la escritura de partición y adjudicación de las cinco parcelas descritas en la demanda.

■ La evidencia ofrecida por los demandantes fué la siguiente:

Pedro González Iglesias, agrimensor, declaró: que por mandato de los cinco hermanos Selosse hizo el trabajo de partición de la finca; que él hizo el plano que se le exhibe, el cual representa la finca dividida en parcelas; que hizo el plano en agosto de 1935 de acuerdo con los deseos de los hermanos Selosse; que los interesados le ordenaron que separara una parcela para Magdalena Selosse, que es la marcada en el plano con su nombre; que en la finca había un camino que daba salida a todas las parcelas, pero él no lo marcó en el plano; que la finca no colinda con carretera alguna por ninguna de sus colindancias. El plano así identificado fué admitido sin oposición (*exhibit* 1, demandante).

Víctor E. Laugier, ingeniero civil, declaró: que fué llamado por los cinco hermanos Selosse para verificar la toma de datos y establecer sobre un plano ciertas servidumbres de paso, de acueducto y de alcantarillado y un camino que existe en la finca; que para hacer su trabajo se valió del plano hecho por el agrimensor González Iglesias (exhibit 1, demandante); que en la finca hay un camino que comunica todas las parcelas y empieza en la parcela marcada letra "A" de Guillermo Selosse, y atraviesa la marcada letra "B," de Margarita Selosse; que él hizo el nuevo plano en agosto de 1935; que cuando fué sobre el terreno encontró cercadas todas las parcelas; que el antiguo camino parte de la parcela de Guillermo Selosse y atraviesa la de Margarita, dividiéndola en tres partes; que cuando terminó su plano se lo entregó a Marcelino Selosse; que él no recibió instrucciones de Margarita

Selosse ni de su esposo, y que éstos ni aceptaron el plano ni hicieron objeciones al mismo. El plano fué admitido sin oposición y marcado "Exhibit 2, demandante."

Declaró el demandante Gilberto Selosse: que su hermana Margarita y su esposo le encargaron que los representara en la confección de los planos para marcar las servidumbres de caminos; que el camino que aparece en el plano (exhibit 2, demandante) se viene utilizando desde que él era un muchachito y la finca nunca tuvo otra salida; que ese camino se ha venido utilizando por todos los dueños de las cinco parcelas, desde 1935, fecha en que se dividió la finca; que doña Margarita utiliza ese camino para salir de su parcela, pues no tiene otra salida; que la partición se iba a hacer de acuerdo con el plano; que la partición abarca también el camino; que la parcela que se le adjudicó a Margarita tiene la forma con que aparece en el plano porque ella la pidió así para que los árboles frutales le quedasen alrededor de la casa; que Margarita y su esposo vieron el plano (exhibit 2) en una reunión de familia y lo aceptaron, igual que lo hicieron los demás condueños.

Los demandados ofrecieron como prueba el mismo plano (exhibit 2) presentado por los demandantes y prueba testifical consistente en el testimonio de Margarita Selosse y de su esposo. Ambos negaron haber dado su aprobación al plano preparado por el Sr. Laugier y sostuvieron que la escritura de partición no había sido firmada por razón del camino sobre el cual se pretende establecer una servidumbre de paso. Como prueba de *rebuttal* declaró el abogado de los demandantes, sosteniendo que los demandados habían aceptado el plano del Sr. Laugier, exhibit 2 de los demandantes, y que de acuerdo con las instrucciones de dichos demandados él preparó el proyecto de escritura de partición.

El conflicto que resulta de la prueba, en cuanto a si los demandanos aceptaron o no el plano hecho por el Sr. Laugier, fué resuelto por la corte inferior en contra de los demandantes y no estaría justificada nuestra intervención para

sostener un criterio distinto al expresado por el juez sentenciador. Más, aún, si sostuviéramos que en realidad dicho plano fué aceptado por los demandados, como una correcta descripción de las parcelas y del camino existente en la finca en el año 1935 y desde antes de hacerse la división en parcelas, tendríamos que sostener también que no hay nada en la prueba que pueda justificar la conclusión de que los demandados se comprometieran en manera alguna a reconocer la existencia del viejo camino como una servidumbre de paso sobre la parcela que les fué adjudicada y en beneficio de la adjudicada a la demandante María Augy.

Opinamos, sin embargo, que la corte inferior erró al dictar sentencia desestimando la demanda. Los hechos alegados en la demanda y admitidos por la contestación son a nuestro juicio suficientes para justificar una sentencia a favor de los demandantes y de acuerdo con la súplica de la demanda. La parcela letra "A," correspondiente a la demandante María Augy, se describe en la demanda así:

"Parcela de terreno radicada en el barrio de Hato Rey del término municipal de Río Piedras, P. R. Su extensión superficial es la de treinta mil treinta y dos metros cuadrados (30,032) equivalentes a siete cuerdas sesenta y cuatro céntimos de otra (7.64), que colinda por el norte, con la parcela letra 'B' que forma parte de la finca principal (y se adjudicó a doña Margarita Selosse); por el este, colinda con la vía de la American Railroad Company of Porto Rico, por cuyo lindero corre la servidumbre de alcantarilla a favor del Municipio de Río Piedras y el camino en proyecto para la parcela; por el sur, con solares de Juan B. Ortiz, Sucesión de Elvira Matos, H. Próspero, Ramón Torres y Manuel Colón y también con finca de don Alfonso González que antes perteneció a la Sucesión de don Manuel González; y por el oeste, con la propia finca de don Alfonso González. En esta parcela enclava una casa de maderas, con piso de maderas y techo de zinc que se utiliza para residencia."

La parcela letra "B," adjudicada a la demandada Margarita Selosse, se describe así:

"Parcela de terreno radicada en el barrio de Hato Rey del término municipal de Río Piedras, P. R. Consta de una extensión

superficial de treinta mil treinta y dos metros cuadrados (30,032) equivalentes a siete cuerdas sesenta y cuatro céntimos de cuerda. Colinda por el norte, con la parcela letra 'C' que forma parte de la finca principal (y se adjudicó a doña Magdalena Selosse); por el este, con la vía de la American Railroad Company of Porto Rico, recorriendo este lindero la servidumbre de alcantarilla a favor del Municipio de Río Piedras y el camino en proyecto para el uso de las parcelas y con la letra 'A' (que se adjudicó a don Guillermo Selosse y hoy pertenece a doña María Augy); por el sur, con la propia parcela letra 'A'; y por el oeste, con finca de don Alfonso González que antes perteneció a la Sucesión de Don Manuel González. En esta parcela enclava una casa de maderas, pisos de madera y concreto y techada de zinc, que se utiliza para residencia. Un rancho con piso de concreto y techo de zinc; un pozo artesiano con su bomba y un edificio de concreto, piso de concreto y techo de igual material. También su parte norte colinda con el pozo artesiano número dos, propiedad del Municipio de San Juan.''

Como se ve, en ninguna de dichas dos descripciones—ni tampoco en las de las otras tres parcelas—se hace mención alguna del antiguo camino, ni de la existencia o reconocimiento de servidumbre alguna de paso sobre una parcela determinada, en favor de otra. En la súplica de la demanda no se pide que se haga pronunciamiento alguno en cuanto a la existencia de tales servidumbres de paso. Solamente se pide que se reconozca por decreto judicial la existencia y validez de una división material llevada a efecto por los cinco condueños de la finca, con el propósito de que cada uno pueda inscribir a su nombre la finca que le fué adjudicada y que posee desde el año 1935; y se pide específicamente que se otorgue la correspondiente escritura de división y adjudicación de las cinco parcelas ''en la forma en que aparecen en el hecho XI de la demanda.''

Los demandados Margarita Selosse y su esposo no se oponen a la división y adjudicación solicitada, siempre que no se les obligue, sin su consentimiento, a reconocer que la parcela de la demandante tiene una servidumbre de paso, a su favor, sobre la parcela de los demandados y a través del antiguo

camino que todos los condueños utilizaban mientras la finca permaneció indivisa. Y reconociendo que por haber quedado la parcela de la demandante María Augy encerrada por la que a los demandados fué adjudicada, éstos están obligados a dar paso a la demandante, sin indemnización (artículos 501, 502 y 503 del Código Civil), los demandados han alegado en su contestación que "están dispuestos a concederles una servidumbre de paso por el camino más corto y cómodo para ambas parcelas."

La sentencia recurrida debe ser revocada y en su lugar debe dictarse otra con los siguientes pronunciamientos:

1. Aprobando como válida y obligatoria para todas las partes contratantes la división material que de la finca hicieron todos sus condueños en el año 1935 y ordenando que los demandantes María Augy Mathelin, Gilberto Selosse Augy y Magdalena Selosse Augy y los demandados Luis Sariego y su esposa Margarita Selosse Augy y Marcelino Selosse Augy y su esposa Tomasa Mas deberán otorgar una escritura pública de división y adjudicación de las parcelas descritas en el hecho XI de la demanda, adjudicando la parcela letra "A" a doña María Augy Mathelin, como heredera de su hijo Guillermo Selosse Augy; la parcela letra "B" a Margarita Selosse Augy, casada con Luis Sariego; la parcela letra "C" a Magdalena Selosse Augy; la parcela letra "D" a Marcelino Selosse Augy; y la parcela letra "E" a Gilberto Selosse Augy. La división y adjudicación se hará tomando como base el plano parcelario preparado en agosto de 1935 por el agrimensor don Pedro González Iglesias y aceptado por todos los interesados.

2. Disponiendo, que la división y adjudicación que se ordena deberá hacerse sin perjuicio del derecho que pueda tener la demandante María Augy Mathelin, como dueña de la parcela letra "A," a exigir paso sin indemnización por la parcela "B" perteneciente a los demandados Margarita Selosse y Luis Sariego; y también sin perjuicio del derecho que la ley reconoce a dichos demandados, como dueños del

predio sirviente, a conceder el paso por el sitio menos perjudicial a dicho predio.

3. Condenando a los demandados al pago de las costas, sin incluir honorarios de abogado.

El Juez Asociado Sr. Todd, Jr., se inhibió.